UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUSTRALIAN GOLD, LLC, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs*. | ) | 1:13-cv-00971-JMS-DML |
| | ) | |
| DEVOTED CREATIONS, LLC, | ) | |
| *Defendant*. | ) | |

**ORDER**

Presently pending before the Court is Defendant Devoted Creations, LLC's ("Devoted Creations") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 16.]

**I.
STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of that rule, the Court will ignore conclusory legal allegations. *Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id.*

**II.
BACKGROUND**

The factual background necessary to address Devoted Creation's Motion to Dismiss is brief. Plaintiff Australian Gold, LLC ("Australian Gold") has been in the business of selling indoor tanning preparations for over twenty years. [Dkt. 1 at 2 ¶ 7.] Since at least October 2010,

it has used the mark LIVE LAUGH TAN as a trade name and trademark in conjunction with the marketing and sale of its AUSTRALIAN GOLD line of indoor tanning preparations and promotional products. [*Id.* at 2 ¶ 9.] Australian Gold owns United States Registration No. 4,154,194 for the mark LIVE LAUGH TAN for tote bags. [*Id.* at 3 ¶ 16.]

Devoted Creations is also in the business of selling indoor tanning preparations and thus directly competes with Australian Gold for customers. [*Id.* at 3 ¶¶ 17-18.] Specifically at issue here is Devoted Creations' sale, beginning in November 2011, of an indoor tanning preparation that uses the mark LIVE LOVE TAN. [*Id.* at 3 ¶ 21.] Australian Gold alleges that Devoted Creations' sale of this product infringes on their LIVE LAUGH TAN trademark, that Devoted Creations was aware of the goodwill and reputation associated with Australian Gold's trademark, and that Devoted Creations intentionally copied Australian Gold's trademark. [*Id.* at 4 ¶¶ 24, 26.] According to Australian Gold, this allegedly infringing conduct had led to the unjust enrichment of Devoted Creations and corollary harm to Australian Gold. [*Id.* at 5 ¶ 37.] Based on these allegations, Australian Gold brought the instant suit, alleging claims of trademark infringement and unfair competition. [*Id.* at 6-7 ¶¶ 41-47.] Devoted Creations now moves to dismiss Australian Gold's Complaint. [Dkt. 16.]

### III.
### DISCUSSION

Devoted Creations contends that Australian Gold's trademark infringement and unfair competition claims fail as a matter of law for one simple reason: Devoted Creations' use of a mark on one product (indoor tanning preparations) cannot infringe on Australian Gold's use of its mark in conjunction with an entirely different product (tote bags). [Dkt. 17 at 1-2.] Australian Gold argues that Devoted Creations' argument is wrong on both the facts and the law. [Dkt. 22 at 3-6.] For the following reasons, the Court agrees with Australian Gold.

Devoted Creations' entire argument is based on a factual premise that is directly contradicted by the allegations in the Complaint—namely, that Australian Gold uses the mark at issue in conjunction with the sale of tote bags, but not tanning preparations.  But Australian Gold explicitly alleges that it uses the LIVE LAUGH TAN mark "in conjunction with the marketing and sale of its AUSTRALIAN GOLD® line of indoor tanning preparations."  [Dkt. 1 at 2 ¶ 9.]  In light of this allegation, Devoted Creations' argument must be premised on one of two things: either that the Court will not read the Complaint (which alleges facts contrary to Devoted Creations' position) or will not apply the correct standard of review (which requires the Court to accept all factual allegations as true, *Iqbal*, 556 U.S. at 677).  It goes without saying that neither of these premises is true.

But that is not all.  Even if Devoted Creations were right on the facts, it is wrong on the law.  Devoted Creations' argument—that a claim of trademark infringement fails as a matter of law if the alleged infringement occurs on a different class of goods, [dkt. 17 at 1-2]—entirely ignores well-established Seventh Circuit precedent that the similarity between the products on which the two marks are used is only one of seven factors considered in assessing the likelihood of confusion; and, importantly, this factor is not dispositive of the inquiry.  *See, e.g.*, *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 455 (7th Cir. 2011) ("[D]issimilarity [between products] is not dispositive of the likelihood of confusion inquiry.") (citation and quotation marks omitted); *AutoZone, Inc. v. Strick*, 543 F.3d 923, 931 (7th Cir. 2008) ("[A] likelihood of confusion may exist even if the parties are not in direct competition, or their products and services are not identical.") (citations and quotation marks omitted); *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 679 (7th Cir. 2001) ("Although . . . many of the

products and services offered by the parties are quite different, this dissimilarity is not dispositive of the likelihood of confusion inquiry.") (citation and quotation marks omitted).

In sum, Devoted Creations' sole argument is a nonstarter on both the facts and the law, particularly on a motion to dismiss. This is a busy Court that, of course, prefers to focus its efforts on motions that at least arguably have merit. The Court therefore reminds Devoted Creations and its counsel that it must be cognizant of the ethical duties under both Federal Rule of Civil Procedure 11(b)(2) (stating that a motion presented to the Court functions as a certification by the presenting attorney that "the claims, defenses, and other legal contentions are warranted by existing law") and 28 U.S.C § 1927 (providing for sanctions for unreasonably protracting litigation) when filing a motion with the Court.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Devoted Creations' Motion to Dismiss. [Dkt. 16.]

09/25/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Homer William Faucett, III
MAGINOT MOORE & BECK
hwfaucett@maginot.com

- 5 -

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

Eric R. Pellenbarg
PHELPS DOWBAR LLP
eric.pellenbarg@phelps.com

Harvey S. Kauget
PHELPS DUNBAR LLP
kaugeth@phelps.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com